IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
        v.                      :
                                :
JOSHUA MCMILLAN                 :        NO. 22-278

MEMORANDUM

Bartle, J.                                      January 21, 2026

        Before the court is the motion of defendant Joshua
McMillan to reduce his sentence for extraordinary and compelling
reasons pursuant to 18 U.S.C § 3582(c)(1)(A)(i) (Doc. # 66).  He
has exhausted his administrative rights.  See id.
§ 3582(c)(1)(A).  Defendant seeks relief because of his various
medical conditions and the need to take care of his common law
wife.  According to the record, he is 44 years old and currently
has extensive medical issues as a result of a 2018 gunshot
wound.

I

        On January 23, 2023, defendant pleaded guilty to:
three counts of distribution of a controlled substance, namely
fentanyl (21 U.S.C. § 841(a)(1), (b)(1)(C)); possession with
intent to distribute 50 grams or more of a mixture and substance
containing a detectable amount of methamphetamine and 28 or more
of cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(B)); two counts
of possession of a firearm by a felon (18 U.S.C. § 922 (g)(1));
and possession of a firearm in furtherance of a drug trafficking
crime (18 U.S.C. § 924(c)(1)).

Defendant was sentenced on November 21, 2023 to 180 months of imprisonment to be followed by eight years of supervised release.  The sentence fell below the advisory guideline range of 352 to 425 months imprisonment in part because of the defendant's serious medical conditions.

Defendant is currently 44 years old.  He is currently serving his sentence at the Federal Medical Center in Devens, Massachusetts with a minimum release date of October 31, 2036. As of briefing, he has served approximately 23 months and has credit for good conduct time of approximately 2 months, for total time served of approximately 25 months.  Since the beginning of his current incarceration, he has committed one minor disciplinary infraction.

II

In general, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c). However, a district court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, warrant such a reduction.  Id. § 3582(c)(1)(A)(i); see United States v. Smith, No. 88-519, 2025 WL 3771370, at *2 (E.D. Pa. Dec. 31, 2025).  The policy statement describing what is considered to be an extraordinary and compelling reason is found in Section 1B1.13(b) of the

Advisory Sentencing Guidelines.  See U.S. Sent'g Guidelines
Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2025).

Pursuant to § 1B1.13(b)(1), the medical circumstances
of the defendant may constitute an extraordinary and compelling
reason for compassionate release.  Id.  For instance, an
extraordinary and compelling reason exists when the "defendant
is suffering from a serious physical or medical condition."  Id.
§ 1B1.13(b)(1)(B)(i).  Release is also allowed when the
"defendant is suffering from a medical condition that requires
long-term or specialized medical care that is not being provided
and without which the defendant is at risk of serious
deterioration in health or death."  Id. § 1B1.13(b)(1)(C).

Family circumstances of the defendant also qualify as
an extraordinary and compelling reason for compassionate release
under § 1B1.13(b)(3).  Id. § 1B1.13(b)(3).  One such
circumstance is the "incapacitation of the [defendant's] spouse
or registered partner when the defendant would be the only
available caregiver for the spouse or registered partner."  Id.
§ 1B1.13(b)(3)(B).  If similar circumstances affect any other
immediate family member or an individual whose relationship with
the defendant is established as similar in kind to that of an
immediate family member, release may also be had.  Id.
§ 1B1.13(b)(3)(D).

If extraordinary and compelling reasons exist, the court then considers whether a sentence reduction is supported by the applicable traditional sentencing factors set forth in 18 U.S.C. § 3553(a).  See United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021).  These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  For the defendant to be released, the court must also determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  See U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025).

A defendant has the burden of showing circumstances meeting the requirements for compassionate release.  See United States v. Hampton, 985 F.3d 530, 533 (6th Cir. 2021); see also United States v. Smith, No. 88-519, 2025 WL 3771370, at *2 (E.D. Pa. Dec. 31, 2025).

III

In his motion, defendant identifies a litany of health issues he has experienced.  Defendant's various medical ailments

-4-

stem from a gunshot wound in 2018.  He is a paraplegic as a
result of his injuries and confined to a wheelchair.  He suffers
from type 2 diabetes, neuropathy, iron deficiency anemia,
neurogenic bladder, and pulmonary embolism as a result of
medication.  He also has urinary issues.  These conditions have
been diagnosed by medical doctors from several hospitals and by
Bureau of Prisons medical staff.  Defendant's presentence report
presented many of these medical issues, and he was receiving
similar medical treatment at the time of the criminal offenses
in this case.  Defendant also describes several mental health
conditions, including anxiety, that arise from a tragic past.
These conditions may be considered an extraordinary and
compelling reason for compassionate release if defendant's
physical or medical condition is serious, causes a serious
functional or cognitive impairment, or results in his
experiencing "deteriorating physical or mental health because of
the aging process" such that defendant cannot "provide self-
care" and is not expected to recover.  U.S. Sent'g Guidelines
Manual § 1B1.13(b)(1)(B) (U.S. Sent'g Comm'n 2025).

Defendant's medical records do not establish his
entitlement to compassionate release.  All of his illnesses and
conditions are currently being treated by the Bureau of Prisons
at the Federal Medical Center in Devens, Massachusetts and the
majority of them were present before his sentence.  He receives

-5-

regular medical attention and is prescribed medications where appropriate. The medical staff determined as recently as November 5, 2025 that he is self-sufficient except with regard to inability to stand and walk. Though he certainly has medical conditions that necessitate treatment, such treatment is currently accessible to him.

Defendant also requests to be released on home confinement because his common law wife has been diagnosed with a rare autoimmune blood disorder, a disease that, according to defendant, is "something like Lupus." He also alleges that she has no one else to take care of her. Specifically, he states in his motion that neither family members nor children can help. It is not clear to the court how he will be able to care for his wife since he has significant physical impairments and other medical issues himself. In any event, he fails to show whether he is the "only available caretaker" as required by the Sentencing Guidelines. See id. § 1B1.13(b)(3)(B). In this regard, courts have required a "statement and letters of documentation that the inmate is the only family member capable of caring for the [spouse]." United States v. Perez, No. 3-554, 2025 WL 28235, at *8 (E.D. Pa. Jan. 3, 2025) (internal quotation and citation marks omitted). Defendant's presentence report noted that his wife has an adult son who lived with her at the time of the offense and is now at least 20 years old. The court

presumes, without evidence to the contrary, the son would be capable of rendering such care.

Even assuming that he is the only caretaker, defendant would need to prove that his common law wife was incapacitated. See Perez, 2025 WL 28235, at *6. To do so, he must show at least some serious injury, debilitating physical illness or severe cognitive defect. United States v. Perkins, No. 23-66, 2025 WL 3188393, at *1 (E.D. Pa. Nov. 14, 2025) (internal citations omitted). Defendant alleges that she has a rare blood disorder but does not state her actual diagnosis. While defendant alleges in his reply that she recently sent a letter describing her medical condition and how it affects her, the court has not received it. Without more, the mere allegation of medical ailments is "not an extraordinary and compelling reason for early release." Perez, 2025 WL 28235, at *1 (quoting United States v. Stewart, 86 F.4th 532, 536 (3d Cir. 2023)).

Even if defendant's medical condition or his caretaking status was an extraordinary and compelling reason to grant him compassionate release, the court must still consider the factors set out in 18 U.S.C. § 3553(a) where applicable. See 18 U.S.C. § 3582(c)(1)(A); U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2025).

Defendant's current sentence is for his second federal conviction for drug trafficking, where he sold thousands of

dollars' worth of counterfeit pills containing fentanyl.  He
also held and sold multiple firearms despite his status as a
convicted felon.  After pleading guilty to all charges in the
indictment and before sentencing, he was released on conditions
because the Federal Detention Center advised that it was not
equipped to care for the defendant's medical needs.  Prior to
sentencing, defendant violated his release conditions by
illegally possessing marijuana and driving with a suspended
license while on house arrest.  Defendant, as noted, is 44 years
old.  Taken together, these facts lead the court to find that
defendant must remain incarcerated in order to promote respect
for the law, provide just punishment, afford adequate deterrence
to criminal conduct, and protect the public from future crimes
of the defendant.  See United States v. Doe, 833 F. App'x 366,
367-68 (3d Cir. 2020); United States v. Smith, No. 88-519, 2025
WL 3771370, at *2 (E.D. Pa. Dec. 31, 2025).

        Finally, the court must consider whether the defendant
is "a danger to the safety of any other person or to the
community, as provided in 18 U.S.C. § 3142(g)."  See U.S. Sent'g
Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025).  The
factors in § 3142(g) include: (1) the nature and circumstances
of the offense charged, including "whether the offense . . .
involve[d] . . . a controlled substance [or] firearm,"; (2) the
weight of the evidence against this person; (3) the history and

characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  Id. § 3142(g).  Many of these factors coincide with the previously discussed § 3553(a) factors and lead the court to find that the defendant should remain incarcerated.  Additionally, the court notes that defendant admitted to selling drugs from his residence, and he now seeks to be released on house detention.  He also admitted to having firearms and controlled substances in his bedroom. The defendant is a danger to the community and should not be released.

Accordingly, defendant's motion for compassionate release will be denied.